U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

MAR 14 2013

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Shaw

versus

ASI Lloyds Inc., et al

Civil Action No. 12-3070

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

**MEMORANDUM ORDER**

Before the Court is plaintiff, Cordese Shaw's, Motion To Remand [Rec. Doc. 8], defendants, ASI Lloyds and David Munnerlyn's, opposition thereto [Rec. Doc. 17], and plaintiff's Reply [Rec. Doc. 22]

*I. Background*

Plaintiff, Cordese Shaw, filed this action in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana, seeking to recover damages to his home as a result of a storm that occurred on September 4, 2011 and for bad faith damages against his insurer, ASI Lloyds and insurance adjuster, David Munnerlyn. Defendants removed this action contending that Munnerlyn, a non-diverse defendant, was fraudulently/improperly joined as a defendant, and therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *R. 1, Removal.* Plaintiff argues that he has "a possibility of recovery" against Munnerlyn because he has alleged that Munnerlyn had apparent authority from ASI Lloyds to adjust his claim and that Munnerlyn breached his duty owed to plaintiff in that he told plaintiff that (1) "the damage did

not exceed $1000"; (2) "was not worth making a claim"; and (3) "plaintiff could fix the damage himself" when in fact the damages were over $37,000. R. 8.

## II. Analysis

Plaintiff contends that because defendant Mannerlyn and the plaintiff are citizens of Louisiana, there is an absence of complete diversity of citizenship, and thus, no subject matter jurisdiction exists. Defendants oppose plaintiffs' motion asserting that the removal of this action is based on the improper joinder of Mannerlyn. In particular, defendants argue that an insurance adjuster does not owe an independent tort duty to the insured, and therefore, plaintiff's claims against Munnerlyn should be dismissed.

When a non-diverse party is properly joined as a defendant, a federal court lacks subject-matter jurisdiction over the case pursuant to 28 U.S.C. § 1332 and the case may not be removed from state court. However, a defendant may remove the case by showing that the non-diverse party was improperly joined. *R.C. Tippen v. Republic Fire and Cas. Ins. Co.*, 2007 WL 4219352, at *2 (E.D.La.Nov.28, 2007) (Vance, J.) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir.2003)). A defendant may establish improper joinder by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *Id.* (citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir.2003)). As defendants have not alleged actual fraud in the plaintiff's pleading of jurisdictional facts, the Court will consider only the second test for improper joinder.

2

Because the doctrine of improper joinder is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id.* In order to show that plaintiffs are unable to establish a cause of action against the non-diverse defendant, the defendant claiming improper joinder must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *C.S. Gaidry, Inc. v. Union Oil Co. of Cal.*, 2009 WL 2765814, at *2 (E.D.La.Aug.27, 2009) (Vance, J.) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc)).

Since the duties of insurance companies embodied in La. R.S. § 22:1892 (formerly 22:658) and §22:1973 (formerly 22:1220) cannot be extended to insurance adjusters, the adjuster must have an independent tort duty. *Motin v. Travelers*, 2003 WL 22533673 (E.D. La.) (Berrigan, J.). As a general rule, no relationship exists between a claimant and an insurance adjuster on which a duty to inform of prescription can be based. *Pellerin v. Cashway Pharmacy of Franklin, Inc.*, 396 So.2d 371, 373 (La.App. 1st Cir.1981). However, circumstances may exist in which the adjuster in effect has undertaken such a duty. Examples include the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjuster, the content of his promises, misrepresentation,

3

or fraud. *Alarcon v. Aetna Cas. & Sur. Co.*, 538 So.2d 696 (La.App. 5th Cir.1989); *Pellerin*, 396 So.2d at 373.

Here ASI Lloyds had an obvious duty to the plaintiff to properly handle his claim. This duty was delegated to Mannerlyn, the adjuster who handled this matter for ASI Lloyds. In the original petition filed in state court, the plaintiff alleged that Mannerlyn "improperly adjusted the plaintiff's claim... misrepresented the cause of, scope of, and cost to repair the damage to plaintiff's property, as well as the amount of and insurance coverage for plaintiff's claim/loss under plaintiff's insurance policy," "represented to plaintiff that the covered damages did not exceed the $1,000.00 deductible... [and] that the damage was not even worth making a claim and the plaintiff could fix the damages himself." R. 1-1, ¶ 17. Plaintiff further alleged that "Mannerlyn made these and other misrepresentations to plaintiff as well as to [ASI] Lloyds" and that "Munnerlyn's misrepresentations caused [ASI] Lloyds to under pay plaintiff on its insurance claim" which resulted in plaintiff not being "able to properly and completely repaid the damages to the property." *Id.* Finally, plaintiff alleged that "Munnerlyn also advised plaintiff as to how it could repair its property so as to prevent further damage to the plaintiff's property. This advice was negligent and false because it turns out plaintiff could not properly repair its property and prevent future damage by following Munnerlyn's advice. Plaintiff property has sustained further damages as a result." *Id.*

In light of the foregoing as well as the state jurisprudence recognizing that

under some circumstances a tort duty may exist between an insurance claimant and an insurance adjuster, *see Alarcon* and *Pellerin*, the Court finds that a duty to the plaintiff could have been breached by Munnerlyn, and therefore, the plaintiff has alleged facts that can establish a cause of action in state court against Munnerlyn.

As defendants have failed to overcome the heavy burden of proving that there is no possibility of a valid cause of action being set forth against the in-state defendant, the Court finds that Mannerlyn was not fraudulently joined and this matter must be remanded to the Fifteenth Judicial District Court, Lafayette Parish. Accordingly,

**IT IS ORDERED** that plaintiff, Cordese Shaw's, Motion To Remand [Rec. Doc. 8] is **GRANTED**.

Thus done and signed this 13th day of March, 2013 at Lafayette, Louisiana.

Richard T. Haik, Sr.
United States District Judge